```
                 UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Monica Banerjee**

   **v.**                                          Case No. 13-cv-203-PB
                                                                   Opinion No. 2013 DNH 117

**Town of Wilmot, NH**

## MEMORANDUM AND ORDER

The Town of Wilmot (the "Town") issued a cease and desist order barring Monica Banerjee from using a building she built on her property until she reduced the height of the building so that it was not higher than thirty-five feet when measured from the lowest point surrounding the building. Banerjee challenged the order in state court and prevailed. As a result, the order was vacated and Banerjee was awarded attorney's fees.

In this action, Banerjee has sued the Town for damages. She asserts that the Town violated her right to substantive due process (Count 1), procedural due process (Count 2), and her rights under the Constitution's Contract Clause (Count 3). She also presents several state law claims. The Town has filed a motion to dismiss for failure to state a claim (Doc. No. 9). I address each of Banerjee's federal claims in turn using the familiar standard that governs challenges to the sufficiency of a complaint. See, e.g., Manning v. Bos. Med. Ctr. Corp., Nos.

12-1573, 12-1653, 2013 WL 3942925, at *5 (1st Cir. Aug. 1, 2013).

A.   **Substantive Due Process**

Banerjee's substantive due process claim fails because she has not alleged facts that would support a determination that the Town's actions "shock the conscience." See, e.g., Freeman v. Town of Hudson, 714 F.3d 29, 40 (1st Cir. 2013) (describing the shock the conscience standard).  Accepting as true all of Banerjee's claims for purposes of analysis, she alleges that: (1) the Town adopted a vague building height ordinance; (2) the selectmen arbitrarily interpreted the ordinance; (3) the Town induced her to reasonably believe that her building project was permissible by issuing building permits authorizing her to build the building; (4) the Town unreasonably delayed its enforcement action until construction activities had been substantially completed; and (5) the Town failed to properly investigate the matter before it issued the cease and desist order.  As bad as this conduct allegedly was, it does not come close to satisfying the standard that is required to support a substantive due process claim.

B.   **Procedural Due Process**

I require further briefing before I can rule on Banerjee's

2

procedural due process claim.  The Town argues that it cannot be held liable for the acts of the selectmen because the complaint does not sufficiently allege that the cease and desist order was the result of a municipal policy or custom.  This argument fails because "[a] single decision by a municipal policymaker constitutes official policy . . . 'only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.'"  Id. at 38 (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)).  Here, because the selectmen clearly are the Town's final policymakers with respect to the enforcement of the building height ordinance, the Town's argument necessarily fails.

The Town alternatively argues that the procedural due process claim must be dismissed because state law provided Banerjee with adequate post-deprivation due process.  The doctrine the Town relies on, however, applies only when the due process violation was the result of "random and unauthorized" acts by state officials.  See San Gerónimo Caribe Project, Inc. v. Acevedo-Vilá, 687 F.3d 465, 479 (1st Cir. 2012); Mard v. Town of Amherst, 350 F.3d 184, 193-94 (1st Cir. 2003).  Because the Town has not briefed the issue of whether the issuance of the

3

cease and desist order was random and unauthorized, I cannot determine whether its argument for dismissal has merit.

In reviewing the complaint, it appears that the procedural due process claim nevertheless should be dismissed for a different reason. The cease and desist order gave Banerjee ten days to either move out or reduce the height of the building. It did not enjoin her from engaging in construction activities. The applicable law allows a landowner twenty days to answer a cease and desist order. N.H. Rev. Stat. Ann. § 676:17-a(V) (2008). If an answer is filed, the Town must go to court to enforce the order. See id. § 676:17-a(VII). In court, Banerjee has all of the procedural protections that are available to any other party to litigation. See id. § 676:17-a(VII) (specifying that proceedings in court will be governed by district court rules). Thus, it appears that Banerjee had access to sufficient pre-deprivation process to prevent her from maintaining a viable procedural due process claim. Because this issue has not been briefed, however, I will give Banerjee fourteen days to file a memorandum showing cause as to why the procedural due process claim should not be dismissed on this basis.

## C.     Contract Clause

Banerjee's Contract Clause claim is based on the premise that the building permits she was issued are contracts that the Town interfered with when it issued the cease and desist order. This argument is a nonstarter for three reasons.  First, a building permit is a government authorization to build; it is not a contract.  Second, the Contract Clause applies only to legislative acts, Ross v. Oregon, 227 U.S. 150, 161-62 (1913), and Banerjee is challenging actions that the selectmen undertook in an executive capacity.  See Mabey Bridge & Shore, Inc. v. Schoch, 666 F.3d 862, 875 (3d Cir. 2012) (explaining that "[t]he Supreme Court has rejected the argument that the Contract Clause is violated when there is a new interpretation of an antecedent state statute").  The building ordinance was adopted before Banerjee obtained her building permits.  Obviously, the adoption of the ordinance could not interfere with contracts that were not then in existence.  If Banerjee has a claim, it is that the selectmen acted arbitrarily in attempting to enforce the ordinance.  This is executive action that the Contract Clause simply does not reach.  Third, the challenged actions involved an effort by the Town to exercise its routine police powers. The Contract Clause does not bar a state from exercising its

5

legitimate police powers.  See Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 241 (1978).  Nor can it be used to subject local officials to damages whenever they attempt to enforce an erroneous interpretation of an otherwise legitimate zoning ordinance.  Banerjee does not cite any case in which a court has held that a town's overzealous attempt to enforce its zoning ordinances has resulted in a violation of the Contract Clause and I am aware of no such authority.  Accordingly, I agree with the Town that Banerjee's Contract Clause claim must be dismissed.

## CONCLUSION

For the reasons set forth in this Memorandum and Order, Banerjee's substantive due process claim and her Contract Clause claim are dismissed.  Banerjee shall have fourteen days to show cause as to why the procedural due process claim should not also be dismissed.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

September 6, 2013

cc:   Monica Banerjee, pro se
      Andrew B. Livernois, Esq.