UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Monica Banerjee</u>

    **v.**                                        Case No. 13-cv-203-PB
                                                    Opinion No. 2013 DNH 151

<u>Town of Wilmot, NH</u>

## **O R D E R**

Monica Banerjee has filed a motion seeking permission to amend her complaint. Defendants oppose the motion on the ground that the proposed amendments would be futile. See Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 132 (1st Cir. 2006) (denial of a motion to amend warranted if amended complaint fails to allege viable claims). For the reasons set forth in this Order, I deny the motion to amend and dismiss the complaint without prejudice.

    1. Banerjee seeks to add certain factual claims to support her dismissed procedural and substantive due process claims. None of the new allegations affect my prior rulings that these claims are defective and must be dismissed.

    2. Banerjee seeks to add a First Amendment claim. Banerjee, however, has failed to plead any facts to support a claim that defendants retaliated against her for exercising her First Amendment rights. Goldstein v. Galvin, 719 F.3d 16, 30 (1st Cir. 2013) (First Amendment retaliation claim requires

proof that plaintiff's conduct was a substantial or motivating factor in bringing about allegedly retaliatory actions). Conclusory allegations alone are not sufficient to support a viable claim for relief.  See Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013) (conclusory allegations are to be disregarded when ruling on a motion to dismiss for failure to state a claim).

   3.   Banerjee seeks to add a "class of one" equal protection claim.  She does not come close, however, to alleging a viable claim on this basis.  A class of one equal protection claim requires more than general allegations that the Town has treated the plaintiff unfairly.  Her failure to sufficiently allege that she was treated differently from other similarly situated landowners leaves her with a deficient claim.  See Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013) (in a land use case, a class of one claim requires more than conclusory allegations that plaintiff was treated differently from other landowners).

   For the reasons set forth above, I deny the motion to amend (Doc. No. 24).  I also decline to assert supplemental jurisdiction over the remaining state law claims and dismiss those claims without prejudice to Banerjee's right to pursue her state law claims in state court.

SO ORDERED.

                /s/Paul Barbadoro
                Paul Barbadoro
                United States District Judge

November 8, 2013

cc: Monica Banerjee, pro se
   Andrew Livernois, Esq.